AYAROA ET AL. *v.* BENÍTEZ.

Appeal from the District Court of Aguadilla.

No. 252.—Decided May 27, 1908.

APPEALABLE ORDERS—ORDER GRANTING EXTENSION—ORDERS RENDERED AFTER JUDGMENT.—An order made after the rendition of judgment granting an extension within which to file a statement of the case is an appealable order because it comes within the provisions of subdivision 3 of section 295 of the Code of Civil Procedure, relating to special orders made after the rendition of final judgment. (*Beach et al.* v. *Spokane Ranch & Water Co.,* 21 Mont., 7; 52 Pac., 560.)

ID.—EX PARTE ORDERS.—An order of the court refusing to vacate an *ex parte* order is likewise appealable.

ORDERS FROM WHICH NO APPEAL LIES—ORDER REFUSING TO VACATE PREVIOUS ORDER.—Orders refusing to vacate previous orders are not appealable.

ID.—BILL OF EXCEPTIONS PRESENTED AFTER THE EXPIRATION OF THE TIME ALLOWED THEREFOR.—Where a bill of exceptions is presented after the expiration of the time allowed therefor, by virtue of an extension beyond the 10 days provided by section 216 of the Code of Civil Procedure, the better practice is to move this court to strike the bill of exceptions from the record.

APPEAL—DISMISSAL.—An appeal from an order refusing to vacate a previous order which is appealable must be dismissed.

The facts are stated in the opinion.

Mr. *Fernando Vázquez* for appellant

Mr. *Méndez Vaz* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellants in the District Court of Aguadilla recovered a judgment against the appellee for the sum of 4,590 *pesos* and 50 *centavos,* or its equivalent in American money. A judgment was entered on the 17th of December, 1907, and an appeal was taken by the appellee on the 30th of December, 1907. On January 7, 1908, the defendant below appeared before the district court and set up that the case was very voluminous and asked for a month within which to present the bill of exceptions and to transmit the record to the Supreme Court. This motion was notified to the plaintiff five days previously, on January 2, 1908. The court granted seven days' extension including the two about which

the defendants were in default, for the presentation of the bill of exceptions.

It will be noticed that this extension was made apparently 21 days after the date of the judgment, although section 216 of the Code of Civil Procedure requires the presentation of a bill of exceptions within 10 days after the judgment, and the same procedure is required by virtue of section 223 in the settlement of a statement of the case.

On January 13, 1908, the present appellants filed a motion asking for a reconsideration, the object of the motion being for the purpose of vacating the action of the court of January 7 in extending the time. The appellants allege that the extension was made after the time from the presentation had expired, and that the court had no right to make it at that time, and they appeal from the order of the court overruling the motion for a reconsideration.

The appellee now before the court maintains that the order appealed from is not included in any of the paragraphs of section 295 of the Code of Civil Procedure, and that even if it were, yet extensions of the time granted are always within the discretion of the court, even if the time has expired, and he cites section 140 of the Code of Civil Procedure, in support of his contention. He also sets up that the proper way to have raised the question was to have taken an exception to the action of the court, and to have incorporated the same in the bill of exceptions which would come up on appeal. He further maintains that the right of the appellee no longer exists, because the same was not taken within 10 days from the date of the order complained of, namely, January 7.

It is true that the appellant might have asked that the bill of exceptions be stricken from the record when the main case was brought up to this court. It is possible that he might have had the procedure reviewed under a writ of *certiorari,* but if this was a special order after a final judgment there is

nothing to prevent an aggrieved party appealing directly if he has a meritorious and not a frivolous appeal.

Almost the identical question of the right of appeal was presented to the Supreme Court of Montana in the case of *Beach et al.* v. *Spokane Ranch & Water Co.*, 21 Mont., p. 7; 52 Pac., p. 560, and the court decided that orders like the one of January 7, 1908, are orders made after judgment in the sense of the statute corresponding to section 295 of our Code of Civil Procedure.

That case is also authority to the effect that when an order is made *ex parte* a motion to vacate may be made, and if then the court refuses to vacate its action may be reviewed. In the case at bar the appeal is taken from the order refusing to vacate.

There is no attempt to appeal from the order of January 7 extending the time. There being no such appeal it is idle to discuss whether it is or is not in time. The real question is whether the motion to vacate falls within the exception laid down in the Montana case, namely, that the order is an improvident one. The appellants were duly notified of the motion for extension of time. Their attorney was unable to be present, it is true, but that would not have prevented him from requesting another attorney to represent him, a thing which he did two days after, namely, on January 9, 1908, when the motion to vacate was filed. Appellants still might have reserved their rights by an appeal from the order of January 7. They also might have done so after the court overruled the motion to vacate, namely, on January 15, 1908, being still within the 10 days given by section 295, for appeals from like orders. The general rule is laid down in the Montana case, *supra,* that orders refusing to vacate previous orders are not appealable and we see no reason for departing from the rule here. There is one consideration in any aspect of the case, which would make for an affirmance of the order below, and that is that the record does not disclose when the

principal judgment was notified to the defendant below, such notification being the date fixed under section 216 of the Code of Civil Procedure from which the time begins to run for the presentation of a bill of exceptions. Moreover the appellants could have still preserved their rights by moving this court in the principal case to strike the bill of exceptions from the record which we conceive to be the better practice. Under these circumstances the appeal taken from the order of the court below must be dismissed.

*Dismissed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.